IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION

| | |
|---|---|
| NETWORK SYSTEM TECHNOLOGIES, LLC, <br>     Plaintiff, <br><br> v. <br><br> TEXAS INSTRUMENTS INCORPORATED; FORD MOTOR COMPANY; VOLKSWAGEN AG AND AUDI AG, <br>     Defendant. | CIVIL ACTION NO. 2:22-CV-000482-RWS |

## MEMORANDUM OPINION AND ORDER

Before the Court is Plaintiff Network System Technologies, LLC's ("Plaintiff") Motion for Alternate Service On Defendants Volkswagen AG and Audi AG (Docket No. 15). Defendants Texas Instruments Incorporated and Ford Motor Company have not taken a position on the motion. Docket No. 15 at 7. Having considered the Motion, and for the reasons set forth below, Plaintiff's motion (Docket No. 15) is hereby **DENIED** without prejudice.

## BACKGROUND

Plaintiff filed its complaint on December 19, 2022, alleging infringement of six patents-in-suit. Docket. No. 1 at 1. Plaintiff alleges that Defendants Volkswagen AG and Audi AG (collectively, "Defendants") make, use, offer for sale, sell, import, or otherwise provide within the United States, directly or indirectly, system-on-a-chip products ("SOCs") and/or products containing SOCs with features and functionalities that infringe the patents-in-suit. *Id.* at 3. Volkswagen AG is a German company, with a principal place of business at Berlinger Ring 2, 38440 Wolfsburg, Niedersachsen, Germany. Docket No. 15 at 3. Audi AG, a wholly owned

subsidiary of Volkswagen AG, is a German company with a principal place of business at Auto-Union-Str. 1, 85057 Ingolstadt, Bayern, Germany. *Id.*

Plaintiff attempted to effectuate service on Defendants using three methods. Plaintiff served the complaint, summons and request for waiver of service on the respective domestic subsidiaries of Defendants. *Id.* at 3–4. The domestic subsidiaries of the Defendants did not respond on behalf of their respective foreign parent corporations. *Id.* Plaintiff also contacted Defendants' in-house counsel. *Id.* Defendants' in-house counsel did not respond. *Id.* Plaintiff also contacted Volkswagen AG's outside counsel from two terminated Eastern District of Texas cases. *Id.* at 3. Volkswagen AG's former outside counsel either did not respond or declined to accept service on behalf of their past client, Volkswagen AG. *Id.* Similarly, Plaintiff contacted Audi AG's outside counsel in two currently pending District of Delaware cases. *Id.* at 4. Audi AG's outside counsel in these active cases either did not respond or declined to accept service on behalf of Audi AG. *Id.*

On February 10, 2023, Plaintiff filed a Motion for Alternate Service on Defendants Volkswagen AG and Audi AG. Docket No. 15 at 1. Plaintiff argues that alternative service is appropriate because compliance with the Hague Convention on the Service Abroad of Judicial and Extrajudicial Documents (the "Hague Convention") will cause a three-to-five-month delay. *Id.* at 5. In addition, Plaintiff argues that preparing the translations required for compliance with the Hague Convention will take an additional month and cost over $50,000. *Id.*; *see also* Docket No. 15-1 (Capati Decl.) ¶¶ 19. Plaintiff argues that these delays and costs justify a grant of alternative service. Docket No. 15 at 5. Plaintiff seeks to serve Defendants by serving the registered agents of Defendants' domestic subsidiaries and by serving Defendant Audi AG's current, and Defendant Volkswagen AG's prior, counsel of record. *Id.*

Page **2** of **8**

## LEGAL STANDARD

Under Federal Rule of Civil Procedure 4(h)(2), a foreign corporation, partnership or other unincorporated association located outside the United States must be served "in any manner prescribed by Rule 4(f) for serving an individual, except personal delivery under (f)(2)(C)(i)." FED. R. CIV. P. 4(h)(2). Rule 4(f), in turn, states that an individual in a foreign country may be served:

> (1) by any internationally agreed means of service that is reasonably calculated to give notice, such as those authorized by the Hague Convention on the Service Abroad of Judicial and Extrajudicial Documents;
>
> (2) if there is no internationally agreed means, or if an international agreement allows but does not specify other means, by a method that is reasonably calculated to give notice:
> (A) as prescribed by the foreign country's law for service in that country in an action in its courts of general jurisdiction;
>
> (B) as the foreign authority directs in response to a letter rogatory or letter of request; or
>
> (C) unless prohibited by the foreign country's law, by:
>
> > (i) delivering a copy of the summons and of the complaint to the individual personally; or
> >
> > (ii) using any form of mail that the clerk addresses and sends to the individual and that requires a signed receipt; or
>
> (3) by other means not prohibited by international agreement, as the court orders.

FED. R. CIV. P. 4(f).

Rule 4(f)(3)—authorizing court-ordered service "by other means not prohibited by international agreement"—is "not a 'last resort' or a type of 'extraordinary relief' for a plaintiff seeking to serve process on a foreign defendant." *In re OnePlus Tech. (Shenzhen) Co., Ltd.*, No. 2021-165, 2021 WL 4130643, at *3 (Fed. Cir. Sept. 10, 2021) (quoting *Rio Props., Inc. v. Rio Int'l Interlink*, 284 F.3d 1007, 1015 (9th Cir. 2002)). To the contrary, Rule 4(f)(3) "stands

independently, on equal footing" with other methods of service under Rule 4(f). *Id*. (quoting *Nuance Commc'ns, Inc. v. Abbyy Software House*, 626 F.3d 1222, 1239 (Fed. Cir. 2010)). However, courts must be mindful that "Rule 4(f)(3) was not meant to displace the other rules for service in every instance in which alternative means of service are seen as more convenient." *Id*. at *3. Accordingly, courts typically order service under Rule 4(f)(3) after considering the delay and expense of conventional means of service in conjunction with other special circumstances that justify court intervention. *Id*.; s*ee also SIMO Holdings, Inc. v. Hong Kong uCloudlink Network Tech. Ltd*., No. 2:20-CV-00003-JRG, 2020 WL 6578411, at *1 (E.D. Tex. June 15, 2020) (noting that plaintiffs had attempted service pursuant to the Hague Convention). District courts are granted broad discretion in making such a determination. *In re OnePlus*, 2021 WL 4130643, at *3–4.

  Once a district court has exercised its discretion and determined that service under Rule 4(f)(3) is warranted, the court must consider whether the requested means of alternative service comports with due process as to each defendant. *SIMO Holdings*, 2020 WL 6578411, at *2; *Fundamental Innovation Sys. Int'l, LLC v. ZTE Corp*., No. 3:17-CV-01827-N, 2018 WL 3330022, at *5 (N.D. Tex. Mar. 16, 2018) (citing *RPost Holdings, Inc. v. Kagan*, No. 2:11-cv-238-JRG, 2012 WL 194388, at *2 (E.D. Tex. Jan. 23, 2012)). "Due process, in turn, requires 'reasonable notice and an opportunity to be heard.'" *ZTE Corp*., 2018 WL 3330022, at *5 (citing *Gramercy Ins. Co. v. Kavanagh*, No. 3:10-CV-1254-D, 2011 WL 1791241, at *1 (N.D. Tex. May 10, 2011)). "[T]he method of service crafted must be 'reasonably calculated, under all circumstances, to apprise interested parties of the pendency of the action and afford them an opportunity to present their objections.'" *RPost Holdings Inc*., 2012 WL 194388, at *2 (citing *Mullane v. Cent. Hanover Bank & Trust Co*., 339 U.S. 306, 312 (1950)).

## DISCUSSION

Defendants Volkswagen AG and Audi AG are both domiciled in Germany. Docket No. 15 at 1. Germany is a party to the Hague Convention. (*See id.*) Compliance with the Hague Convention is mandatory when the requested method of service is effectuated within the territory of the foreign signatory. *Volkswagenwerk Aktiengesellschaft v. Schlunk*, 486 U.S. 694, 699 (1988). Therefore, the Court must initially decide whether Plaintiff's requested form of alternative service is prohibited by international agreement under the Hague Convention. *See SIMO Holdings, Inc. v. Hong Kong uCloudlink Network Tech. Ltd.*, No. 2:20-CV-00003-JRG, 2020 WL 6578411, at *2 (E.D. Tex. June 15, 2020).

Plaintiff seeks to serve Defendants' respective domestic subsidiaries and outside counsel from either terminated or pending cases, all of whom are in the United States. Docket No. 15 at 3–5. Therefore, Plaintiff's requested methods of alternative service will take place within the United States and not within the territory of a foreign signatory. Accordingly, the requested methods of alternative service are not precluded by the Hague Convention. *See SIMO Holdings*, No. 2:20-CV-00003-JRG, 2020 WL 6578411, at *2 (E.D. Tex. June 15, 2020).

### A.     Alternative Service Under Rule 4(f)(3)

Courts have broad discretion in considering requests for alternative service under Rule 4(f)(3). *In re OnePlus*, 2021 WL 4130643, at *3–4. Courts may consider the delay caused by service under the Hague Convention and additional expenses caused by serving a defendant in a foreign country. *See Affinity Labs of Tex., LLC v. Nissan N. Am. Inc.*, No. WA:13-CV-369, 2014 WL 11342502, at *3 (W.D. Tex. Jul. 2, 2014). Some courts have also considered a plaintiff's "multiple attempts to effectuate service." *Stingray IP Sols., LLC v. Signify N.V.*, No. 2:21-CV-00044-JRG, 2021 WL 9095765, at *4 (E.D. Tex. Nov. 2, 2021).

Plaintiff filed the complaint over four months ago. Docket No. 1. Plaintiff also attempted to notify Defendants of this action using multiple methods. Docket No. 15 at 3–5. Plaintiff argues that there will be a delay of one month to translate documents in compliance with the Hague Convention and an additional three-to-five month delay if service is attempted under the Hague Convention. Docket No. 15 at 4. The Court finds that this overall delay of four-to-six months will likely be substantial and weighs in favor of granting Plaintiff's request for alternative service. *See Element Cap. Com. Co. Pte. Ltd. v. BOE Tech. Grp. Co.,* No. 2:22-CV-00118-JRG, 2022 WL 4368162, at *3 (E.D. Tex. Sept. 21, 2022) ("[S]ervice under Rule 4(f)(3) is appropriate because without it, there would be further delay in service under the Hague Convention.")

Further, the Court finds that conserving resources and avoiding additional costs weighs in favor of alternative service under Rule 4(f)(3). Plaintiff proffered evidence that the cost of translating documents into German, as required by the Hague Convention, would cost tens of thousands of dollars. *See e.g.*, Docket No. 15-1 at ¶ 19. The Court finds that avoiding this additional expense of serving Defendants in Germany weighs in favor of granting Plaintiff's request for alternative service. *See Document Operations, LLC v. AOS Legal Techs., Inc.*, No. 4:20-CV-1532, 2021 WL 3089258, at *5 (S.D. Tex. July 22, 2021).

Based on the current record, the delay and cost of effectuating service through the Hague Convention weigh towards allowing alternative service under Rule 4(f)(3).

    **B.**    **Due Process**

"Evaluating due process considerations is a fact intensive determination that must be considered on a case-by-case basis, and the Court must evaluate the Requested Methods against the relevant due process standards of given the facts before the Court." *Monolithic Power Sys. Inc. et. al. v. Meraki Integrated Circuit (Shenzen) Technology, Ltd. et. al.,* Civil Action No. 6:20-CV-

00876-ADA (W.D. Tex. Jun. 2, 2022), ECF No. 126. Here, Plaintiff did not provide sufficient facts to evaluate the due process considerations of serving Defendants Volkswagen AG and Audi AG through their domestic subsidiaries or outside counsel.

Plaintiff provided no evidence or argument to support a showing that the proposed alternative service on Defendants' domestic subsidiaries is reasonably calculated to apprise Defendants of the above-captioned action. Docket No. 15 at 3–4. Plaintiff did not show that Defendants' domestic subsidiaries were alter egos of Defendants. *Id.* Nor did Plaintiff show that Defendants have authorized these domestic subsidiaries to accept service on Defendants' behalf. (*Id.*) Therefore, Plaintiff has not provided sufficient evidence to support a finding that the requirements of due process are satisfied by serving Defendants' domestic subsidiaries. *See SIMO Holdings*, No. *2*:20-CV-00003-JRG, 2020 WL 6578411, at *3 (E.D. Tex. June 15, 2020) (discussing plaintiff's failure to provide sufficient evidence to show domestic subsidiaries were the alter ego of defendants).

Further, Plaintiff failed to explain why serving Volkswagen AG's former counsel is reasonably calculated to provide Volkswagen AG with notice of the above-captioned case. Docket No. 15 at 3. Volkswagen AG's former counsel did not respond or accept service. *Id*. Plaintiff offered no explanation as to why Volkswagen AG's former counsel should have knowledge of the asserted claims or that Volkswagen AG's former counsel currently has adequate communications with Volkswagen AG. *Id.* Without more, the Court cannot authorize alternative service on Volkswagen AG's former outside counsel where Plaintiff has not provided sufficient evidence to support a finding that the due process requirements are satisfied by serving Volkswagen AG's former outside counsel. Similarly, Plaintiff failed to explain why the method of alternatively serving Audi AG's current counsel in a pending domestic case is reasonably calculated to provide

Audi AG with notice of the above-captioned case. Docket No. 15 at 4. Audi AG's outside counsel did not respond or accept service. *Id*. Plaintiff has failed to explain any connection or similarities between the above-captioned case and the cases pending in the District of Delaware. *Id. See Orange Elec. Co. Ltd. V. Autel Intelligent Technology Corp., Ltd. V. Autel Intelligent Technology Corp., Ltd.*, Civil Action No. 2:21-cv-00240-JRG (E.D. Tex. Sept. 9, 2022), ECF No. 49 (discussing connection between ongoing cases and case-at-issue and why it was reasonable to believe defendant's counsel had notice). Without more, the Court cannot authorize service upon Audi AG's current outside counsel in out-of-district cases where Plaintiff has failed to carry its burden of showing that this alternative method is reasonably calculated to provide Audi AG with notice of the above-captioned case.

For these reasons, and upon this record, the Court declines to authorize Plaintiff's requested methods of alternative service because Plaintiff failed to proffer evidence that the proposed alternative methods of service are reasonably calculated to apprise Defendants of the above-captioned case.

## CONCLUSION

For the reasons set forth above, Plaintiff's Motion for Alternate Service (Docket No. 15) is hereby **DENIED** without prejudice.

**So ORDERED and SIGNED this 31st day of March, 2023.**

                                                  ROBERT W. SCHROEDER III
                                                  UNITED STATES DISTRICT JUDGE