

# IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF TEXAS
## MARSHALL DIVISION

| | | |
|---|---|---|
| NETWORK SYSTEM TECHNOLOGIES, LLC, | § § | |
| Plaintiff, | § § | CIVIL ACTION NO. 2:22-cv-00482-RWS |
| v. | § § | ▮▮▮▮▮ |
| TEXAS INSTRUMENTS INCORPORATED, Defendants. | § § § § | **JURY TRIAL DEMANDED** |

**PLAINTIFF NETWORK SYSTEM TECHNOLOGIES, LLC'S MOTION TO STRIKE AND EXCLUDE OPINIONS AND TESTIMONY OF DEFENDANT TEXAS INSTRUMENTS INC.'S EXPERT MICHELE M. RILEY (OPENING REPORT)**

████████████████████████████

**TABLE OF CONTENTS**

I.    INTRODUCTION ..................................................................................................... 4

II.   LEGAL STANDARDS ........................................................................................... 4

III.  ARGUMENT........................................................................................................... 5

  A.  Ms. Riley's Opinion on "Sales to Third-Party Licensed Entities" Should Be Excluded .... 5

    1.  Ms. Riley Is Not Qualified to Offer a Legal Conclusion Regarding the Scope and Applicability of License Agreements ...................................................................... 5

    2.  Ms. Riley's Opinion That Certain Entities are Licensed is Contradicted by the Agreements Themselves .......................................................................................... 6

  B.  Ms. Riley's Opinion Regarding "Sales to U.S. Government Contractors" Should Be Excluded ............................................................................................................... 7

  C.  Ms. Riley's Opinion Regarding the Exclusion of Pre-Suit Sales Should be Stricken ........................................................................................ 9

  D.  Ms. Riley's Opinions Regarding the Scope of the TI-Arteris License Should be Excluded ................................................................ 10

  E.  Ms. Riley's Opinions Regarding the Scope of the TI-Sonics License Should be Excluded ............................................................. 12

IV.  CONCLUSION ..................................................................................................... 12

## TABLE OF AUTHORITIES

**Cases**

*Bridas S.A.P.I.C. v. Gov't of Turkmenistan*, 345 F.3d 347, 362 (5th Cir. 2003) ........................... 3

*General Talking Pictures Corporation v. Western Electric Co.*, 304 U.S. 175, 181 (1938), *aff'd on reh'g*, 305 U.S. 124 (1938) *on reh'g*, 305 U.S. 124, 127 (1939) ......................................... 4

*Janvey v. Alguire*, 847 F.3d 231, 243 (5th Cir. 2017) ...................................................................... 3

*Jarrow v. Cupit*, No. CIV. A. 99–3539, 2000 WL 1537989, at * 1–2 (E.D. La. Oct. 17, 2000).... 2

*Kambala v. Signal Int'l L.L.C.*, No. 1:13-CV-498, 2015 WL 11110594, at *2 (E.D. Tex. June 26, 2015) ....................................................................................................................................... 1

*Madey v. Duke Univ.*, 413 F. Supp. 2d 601, 607 (M.D.N.C. 2006) .................................................. 5

*Mathis v. Exxon Corp.*, 302 F.3d 448, 460 (5th Cir. 2002) .............................................................. 1

*Morris v. Equifax Info. Servs., LLC*, No. CIV. A. H–04–423, 2005 WL 5976334, at *2 (S.D. Tex. Jan. 19, 2005) ............................................................................................................................. 2

*Owen v. Kerr-McGee Corp.*, 698 F.2d 236, 240 (5th Cir. 1983) ..................................................... 2

*Riles v. Amerada Hess Corp.*, 999 F. Supp. 938, 940 (S.D.Tex.1998) ........................................... 5

*United States v. Hall*, 165 F.3d 1095, 1104 (7th Cir. 1999) ........................................................... 5

*Wilson v. Woods*, 163 F.3d 935, 937 (5th Cir. 1999) ...................................................................... 3

**Rules**

FED. R. EVID. 403 ............................................................................................................................... 5

████████████████████████████████████

## LIST OF RILEY REPORT PARAGRAPHS

(1.)    Paragraphs on the exclusion of sales to purportedly licensed TI customers. *See* Riley Report, ¶¶ 86, 87, 344, 345, Exhibit 1.

(2.)    Paragraphs on the exclusion of sales to purported U.S. Government contractors. *See* Riley Report, ¶¶ 88, 89, 344, 345.

(3.)    Paragraphs regarding the exclusion of pre-suit sales. *See* Riley Report, ¶¶ 344, 345.

(4.)    Paragraphs regarding the scope of the TI-Arteris license. *See* Riley Report, ¶¶ 250-252, 260, 261, 274.

(5.)    Paragraphs regarding the scope of the TI-Sonics license. *See* Riley Report, ¶ 257.

████████████████████████████████████

## I.    INTRODUCTION

NST hereby moves to strike and exclude opinions and testimony of Michele M. Riley ("Ms. Riley") that are contrary to the underlying evidence upon which she relies; and that are conclusory, unreliable and unqualified.

## II.    LEGAL STANDARDS

The admissibility of expert testimony is governed by FED. R. EVID. 702. "The proponent of the proffered expert testimony has the burden of establishing, by a preponderance of the evidence, that the pertinent admissibility requirements are met." *Kambala v. Signal Int'l L.L.C.*, No. 1:13-CV-498, 2015 WL 11110594, at *2 (E.D. Tex. June 26, 2015) (Hawthorn, J.) (citing *U.S. v. Fullwood,* 342 F.3d 409, 412 (5th Cir. 2003)). Proposed expert testimony is admissible under Rule 702 if: (1) "the expert's scientific, technical, or other specialized knowledge will help the trier of fact to understand the evidence or to determine a fact in issue"; (2) "the testimony is based on sufficient facts or data"; (3) it "is the product of reliable principles and methods"; and (4) "the expert has reliably applied the principles and methods to the facts of the case." FED. R. EVID. 702. Accordingly, TI has the burden of establishing that Ms. Riley's proffered testimony meets these criteria. *See Kambala,* 2015 WL 11110594 at *2.

The Rule 702 "requirement that the testimony 'assist the trier of fact' means the evidence must be relevant." *Mathis v. Exxon Corp.*, 302 F.3d 448, 460 (5th Cir. 2002) (citing *Daubert v. Merrell Dow Pharms., Inc.*, 509 U.S. 579, 591 (1993)). "Rule 401 defines relevant evidence as that which has 'any tendency to make any fact that is of consequence to the determination of the action more probable or less probable than it would be without the evidence.'" *Id.*

4



## III.   ARGUMENT

### A.   Ms. Riley's Opinion on "Sales to Third-Party Licensed Entities" Should Be Excluded

In her Report, Ms. Riley erroneously attempts to carve out damages ███████████

███████████████████████████████████████████████████████████████████████████

███████████████████████████████████████████████████████████████████████████

███████, during the relevant damages period. *See* Declaration of Erica J. Van Loon in support of the Motion to Strike and Exclude Opinions And Testimony Of Defendant's Expert Michele M. Riley (Opening Report) ("Van Loon Decl.") ¶ 2,  Ex. 1 (Riley Report) ¶¶ 85, 86, 344, 345. Ms. Riley should be precluded from opining as to these licenses for two reasons: (1) she is not qualified to offer what is essentially a legal opinion as to the scope and applicability of these ███████

███████; and (2) the actual ███████ themselves contradict Ms. Riley's conclusion that such sales could be excluded.

#### 1.   Ms. Riley Is Not Qualified to Offer a Legal Conclusion Regarding the Scope and Applicability of ███████████

Legal opinions and conclusions are not the proper subject of expert testimony. *Owen v. Kerr-McGee Corp.*, 698 F.2d 236, 240 (5th Cir. 1983); *Morris v. Equifax Info. Servs., LLC*, No. CIV. A. H–04–423, 2005 WL 5976334, at *2 (S.D. Tex. Jan. 19, 2005) ("Legal opinions and conclusions are not a proper subject of expert testimony because they do not assist the jury in understanding the evidence, but merely tell the jury what result to reach."); *see also Jarrow v. Cupit*, No. CIV. A. 99–3539, 2000 WL 1537989, at * 1–2 (E.D. La. Oct. 17, 2000) ("[I]t is well-established in the Fifth Circuit that Rule 704 does not permit an expert to render conclusions of law. . . . Therefore, expert testimony that offers a legal opinion is inadmissible.") (citations

5

██████████████████████████████████████████

omitted). Ms. Riley states that she █████████████████████████████████

████████████████████████████████████████████████████████████

Van Loon Decl. ¶ 2, Ex. 1 ¶ 86. This is a legal conclusion upon which Ms. Riley is unsuited to opine. Whether or not ████████████████████ is a legal opinion involving an analysis of the terms, scope, and applicability of the underlying agreements. While Ms. Riley states that she has "reviewed thousands of intellectual property license agreements," her expertise is in the "valuation of intellectual property" rather than the interpretation of legal contracts. Van Loon Decl. ¶ 2, Ex. 1 ¶¶ 3, 5; *Wilson v. Woods*, 163 F.3d 935, 937 (5th Cir. 1999) (holding that a witness may offer an expert opinion only if he or she draws on some special knowledge, skill, experience, training, or education to formulate that opinion). Moreover, Ms. Riley does not state where she obtained this "understanding"; other than to state that she had conducted an unspecified "review of the agreements and summaries" to identify which ████████ fall within her "understanding." *Id.* Accordingly, Ms. Riley's characterization of these customers as "licensed entities" is unsupported and misleading.

2.    **Ms. Riley's Opinion That ████████████████████████ is Contradicted by the Agreements Themselves**

Even assuming, *arguendo,* that it is proper for Ms. Riley to opine as to the scope and applicability of ███████████████████████, her conclusions are entirely contradicted by the agreements themselves. As set forth in NST's Motion for Partial Summary Judgment on TI's Fifth Affirmative Defense of License and Exhaustion, ████████ do not provide any basis for excluding TI's sales of accused products to these entities.

First, █████████████████████████████████████████████████

████ Accordingly, TI is neither an express or implied licensee under any of these agreements,

████████████████████████████████████

and there is therefore no basis to exclude these sales. *See Bridas S.A.P.I.C. v. Gov't of Turkmenistan*, 345 F.3d 347, 362 (5th Cir. 2003) ("Parties are presumed to be contracting for themselves only."); *Janvey v. Alguire*, 847 F.3d 231, 243 (5th Cir. 2017) (quoting *Bridas*, 345 at 362)  (third parties are only bound to a contract "if the intent to make someone a third-party beneficiary is clearly written or evidenced in the contract.'"). None of the relevant licenses mention TI, let alone expressly identify it as an intended beneficiary of the license.

Second, three of the alleged licenses ███████████████████████ by their own terms, ██████████████████████████████

███████████████████████████ There is no basis in Ms. Riley's report—or indeed in the record writ large—██████████████████████████

██████████████████. Accordingly, the lack of such evidence precludes these ████ from operating as a basis to exclude ██████████████████. *See General Talking Pictures Corporation v. Western Electric Co.*, 304 U.S. 175, 181 (1938), *aff'd on reh'g*, 305 U.S. 124 (1938) *on reh'g*, 305 U.S. 124, 127 (1939) (ruling that due to the scope of a field of use license, a licensee and an accused infringer who purchased accused devices from the licensee infringed because the licensee's manufacture and sale of the accused devices was outside of the licensed field of use).

Thus, Ms. Riley's references to the exclusion of TI's sales to these customers on the basis that they are precluded by license agreements should be stricken.[1]

### B.    Ms. Riley's Opinion Regarding "████████████████████████" Should Be Excluded

Ms. Riley relays that ██████████████████████████████

---

[1] *See* List of Riley Report Paragraphs, *supra*, at (1.).

████████████████████████████████████████████████████

████████████████████████████████ Van Loon Decl. ¶ 2, Ex. 1 ℙ 88 (citing TI's Third Amended Initial and Additional Disclosures dated February 6, 2024, p. 6). Ms. Riley identifies ██████████████████████████████

████████████████████████████████████████████████████

████████████████████████████ *Id.* This characterization is entirely unsupported—both in Ms. Riley's report and in the record—and is therefore unreliable and misleading.

An expert's opinion is inadmissible if it fails to satisfy the requirements of Rule 403 of the Federal Rules of Evidence. That is, the expert testimony must be excluded "if its probative value is substantially outweighed by a danger of … unfair prejudice, confusing the issues, misleading the jury, undue delay, wasting time, or needlessly presenting cumulative evidence." FED. R. EVID. 403; *see also United States v. Hall*, 165 F.3d 1095, 1104 (7th Cir. 1999) (noting that a "Rule 702 analysis incorporates a consideration of the Rule 403 dangers—particularly the danger of unfair prejudice").

Here, Ms. Riley's report misleadingly repackages an unsupported contention by TI in order to opine on how to lower ████████████████ Van Loon Decl. ¶ 2, Ex. 1 ℙ 89. TI has not produced any government contracts in this case in which either TI or any of the alleged U.S. government contractors are parties, **or** any evidence of implied authorization and consent by the government—both prerequisites to the assertion of this contention. Ms. Riley's cursory adoption of this position is unsupported. *See Riles v. Amerada Hess Corp.,* 999 F. Supp. 938, 940 (S.D.Tex.1998) (a use is "for the Government" if it was "in furtherance and fulfillment of a stated government policy which serves the Government's interests and which is for the Government's benefit"); *Madey v. Duke Univ.*, 413 F. Supp. 2d 601, 607 (M.D.N.C. 2006) (the second proof



requirement of the governmental sales defense, i.e. "authorization and consent of the Government," must be shown by "either the existence of clear, express Government authorization and consent as part of a Government program or contract, or a clear Government purpose and implicit authorization and consent."). As set forth in more detail in NST's Motion for Partial Summary Judgment on TI's Fourth Affirmative Defense as to Government Sales, there is no support for TI's contention that sales to these entities are properly excludable and thus Ms. Riley's corresponding attempt to do so should be stricken. [2]

### C.    Ms. Riley's Opinion Regarding the Exclusion of Pre-Suit Sales Should be Stricken

In her rebuttal opinion to NST's Damages Expert (Walter Bratic), Ms. Riley characterizes ████████████████████████████████████████████████ as ██████████████ ████████████████████ and accordingly removes them from her damages model. *See* Van Loon Decl. ¶ 2, Ex. 1 ¶¶ 344, 345. The only support Ms. Riley offers for this statement is her understanding ████████████████████████████████████████████████ ██████████████████████████████████████████████ Van Loon Decl. ¶ 2, Ex. 1 at 33 n.184. Ms. Riley then bifurcates her analysis into two scenarios: " █████ ████████████████████████████████████████████ ████████████████████████████████████████████ ██████████████████████████ *Id.* However, Ms. Riley fails to elaborate on the basis for this understanding and, more specifically, why the exclusion of pre-suit sales is warranted. Accordingly, Ms. Riley's opinion that the inclusion of pre-suit sales in the damages analysis is

---

[2] *See* List of Riley Report Paragraphs, *supra*, at (2.).



improper should be stricken.[3]

    **D.**    **Ms. Riley's Opinions Regarding the Scope of the ▮▮▮▮▮▮▮ Should be Excluded**

Ms. Riley purports to opine on the scope of ▮▮▮▮▮▮▮▮▮ Specifically, after reciting ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮, Ms. Riley states that the "▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮ Van Loon Decl. ¶ 2, Ex. 1 ¶ 250 (citing TI_380477–517 [Van Loon Decl. ¶ 4, Ex. 3] at 479). Ms. Riley goes on to opine that the ▮▮▮▮▮▮▮ is not just a ▮▮▮▮▮▮▮▮▮▮ but in fact conveyed ▮▮▮▮▮▮▮ ▮▮▮ *See id.* For the reasons stated in Section III(A)(1), *supra*, Ms. Riley is not qualified to opine as to the legal effect of the ▮▮▮▮▮▮ Furthermore, in this instance, Ms. Riley's opinion should be stricken because it is a blatant mischaracterization of the ▮▮▮▮▮▮ ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮ *See* Van Loon Decl. ¶ 3, Ex. 2 (Defendant Texas Instruments, Inc.'s Fifth Supplemental Responses to Plaintiff Network System Technologies, LLC's First Set of Interrogatories) at 57 ▮▮▮▮▮▮▮ ▮▮▮▮▮▮▮▮▮▮▮▮▮▮

---

[3] *See* List of Riley Report Paragraphs, *supra*, at (3.).

████████████████████████████████████

████████████████████

Notwithstanding the inclusion of ████████████████████████████

████████████████████████████████████████

████████████████████████████████████████

████████████████████████████████████████

████████████████████████████████ Van Loon Decl. ¶ 4, Ex. 3

at TI_380488. Clearly, the ██████████ ████████████████████████

████████████████████████████████████████

██████████████████████████████

Furthermore, the ████████████ does not even mention the Asserted Patents or any

specific patents at all. Nor could it have, since █████ did not obtain patent license rights from

either Philips or NST, and therefore could not have conveyed rights to use the Asserted Patents to

TI. Elsewhere in her report, Ms. Riley provides a description of ████████████████████

████████████████████████████████████████

████████████████████████████████ Van Loon

Decl. ¶ 2, Ex. 1 ¶ 29; *see also id.* ℙ 250 ████████████████████

██████████ ████████████████████████████

██████████████████████████████████████

NST's own damages expert offered an opinion in harmony with the text of the ████████

████ (that it ████████████████████████ owned by █████ ). *See* Dkt.

210 at 9. TI has sought to strike this opinion on the basis that it "misreads the contract" and instead

asserts its own mischaracterization of the agreement. *See id.* Yet, for the same reason that TI asserts

Mr. Bratic's opinion should be stricken, Ms. Riley's opinion must fail as well. Accordingly, Ms.

████████████████████████████████████████

Riley's opinion that the inclusion of pre-suit sales in the damages analysis is improper should be stricken.[5]

  **E. Ms. Riley's Opinions Regarding the Scope of the** ████████████ **Should be Excluded**

In the same manner with which Ms. Riley improperly interprets and expands the scope of the ████████████████████████████████████████████████████████████████████████████████████████. Like the ████████████████████████████, ████ ████████████████████████████████ (which Ms. Riley stylistically describes as "████████████████████████ Van Loon Decl. ¶ 2, Ex. 1 ¶ 253; *see also* Van Loon Decl. ¶ 5, Ex. 4 at § 4.3. It does not ████████████████████████ ████████████ Thus, for the same reasons as set forth with respect to the ████████████ Ms. Riley's opinion regarding the scope of the ████████████ should be stricken.[6]

## IV. CONCLUSION

For the foregoing reasons, NST respectfully requests that the Court grant this motion to Strike and Exclude Opinions And Testimony Of Defendant's Expert Michele M. Riley (Opening Report).

Date: April 30, 2024

            Respectfully submitted,

            */s/ Daniel S. Stringfield w/ permission*
            *William E. Davis, III*
            William E. Davis, III
            Texas Bar No. 24047416
            Ty Wilson

---

[5] *See* List of Riley Report Paragraphs, *supra*, at (4.).
[6] *See* List of Riley Report Paragraphs, *supra*, at (5.).

12

██████████████████████████

Texas Bar No. 24106583
**DAVIS FIRM PC**
213 N. Fredonia Street, Suite 230
Longview, TX 75601
903-230-9090
bdavis@davisfirm.com
twilson@davisfirm.com

Daniel S. Stringfield (lead counsel)
**NIXON PEABODY LLP**
70 West Madison St., Suite 5200
Chicago, IL 60602
312-977-4130
dstringfield@nixonpeabody.com
nst@nixonpeabody.com

Erica J. Van Loon
Vincent C. Capati
**NIXON PEABODY LLP**
300 S. Grand Avenue, Suite 4100
Los Angeles, CA 90071
213-629-6000
evanloon@nixonpeabody.com
vcapati@nixonpeabody.com

David R. Kocan
**NIXON PEABODY LLP**
One Embarcadero Center, 32nd Floor
San Francisco, CA 94111
415-984-8282
dkocan@nixonpeabody.com

*Attorneys for Plaintiff*
Network System Technologies, LLC

13

**FILED UNDER SEAL PURSUANT TO PROTECTIVE ORDER**

## CERTIFICATE OF SERVICE

I hereby certify that all counsel of record are being served on April 30, 2024 with a copy of this document via the Court's CM/ECF system per Local Rule CV-5(a)(3).

*/s/ William E. Davis, III*
William E. Davis, III

## CERTIFICATE OF CONFERENCE

I hereby certify that counsel for Plaintiff Network System Technologies, LLC ("NST") and counsel for Defendant Texas Instruments ("TI") met and conferred telephonically on April 26, 2024, in compliance with Local Rule CV-7(h). This Motion is opposed and discussions concerning the relief sought herein have conclusively reached an impasse. TI opposes this Motion because it does not view Ms. Riley as offering any legal opinions as to whether any of TI's sales were in fact authorized under any asserted patent; constitute a sale to the U.S. Government; or any opinion as to whether certain pre-suit sales should be counted in the royalty base. TI further disagreed that Ms. Riley was unqualified to offer opinions regarding the scope of TI's licenses with Arteris and Sonics.

*/s/ Daniel S. Stringfield*
Daniel S. Stringfield