███████████████████████████

# IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF TEXAS
### MARSHALL DIVISION

| | | |
|---|---|---|
| NETWORK SYSTEM TECHNOLOGIES, LLC, | § | |
| | § | |
| Plaintiff, | § | CIVIL ACTION NO. 2:22-cv-00482-RWS |
| | § | |
| v. | § | ████████████ |
| | § | |
| TEXAS INSTRUMENTS INCORPORATED, | § | **JURY TRIAL DEMANDED** |
| Defendant. | § | |

**PLAINTIFF NETWORK SYSTEM TECHNOLOGIES, LLC'S ("NST") REPLY TO DEFENDANT TEXAS INSTRUMENTS INC.'S ("TI") OPPOSITION TO NST'S MOTION TO STRIKE AND EXCLUDE OPINIONS AND TESTIMONY OF TI'S EXPERT MICHELE M. RILEY (OPENING REPORT)**

███████████████████████████████████████████

## **TABLE OF CONTENTS**

I.    INTRODUCTION ........................................................................................................ 1

II.   ARGUMENT ............................................................................................................. 1

    A.    Ms. Riley's Opinion That TI's Sales to Certain Third-Party Licensed Entities Should Not Be Included in the Royalty Base Should Be Excluded ..............................1

        1.   TI Does Not Dispute That Ms. Riley's Legal Conclusions Should Be Excluded ........................................................................................................ 1

        2.   TI Refers to Other Briefing to Address the Request to Strike Ms. Riley's Opinions That Rely On Certain Alleged Licenses to TI's Customers To Suggest Reducing the Royalty Base ....................................................................... 2

    B.    TI Agrees That Ms. Riley's Opinion Regarding "Sales to U.S. Government Contractors" Should Be Excluded ................................................................................ 2

    C.    Ms. Riley's Opinion Regarding the Exclusion of Pre-Suit Sales Should be Stricken .. 2

    D.    Ms. Riley's Opinions Regarding the Scope of the ████████ Should be Excluded ................................................................................................................ 3

    E.    Ms. Riley's Opinions Regarding the Scope of the ████████ Should be Excluded ................................................................................................................ 5

III.  CONCLUSION ........................................................................................................ 5

███████████████████████████████████████

## <u>TABLE OF AUTHORITIES</u>

**Cases**

*Entropic Commc'ns, LLC v. Charter Commc'ns, Inc.*,
No. 2:22-CV-00125-JRG, 2023 WL 8281905 (E.D. Tex. Nov. 29, 2023)...............................4

*Metaswitch Networks Ltd. v. Genband US LLC*,
No. 2:14-CV-744-JRG-RSP, 2016 WL 874775 (E.D. Tex. Mar. 7, 2016) ..............................5

*SB IP Holdings, LLC v. Vivint, Inc.*,
No. 4:20-CV-00886, 2023 WL 6601415 (E.D. Tex. Oct. 10, 2023) .........................................4

[REDACTED]

## I.    INTRODUCTION

NST hereby replies to TI's Opposition to NST's Motion (Dkt. 219, "Motion") to Strike and Exclude Opinions and Testimony of Michele M. Riley ("Ms. Riley") (Dkt. 243, "Opposition").

## II.    ARGUMENT

### A.    Ms. Riley's Opinion That TI's Sales to Certain Third-Party Licensed Entities Should Not Be Included in the Royalty Base Should Be Excluded

NST has moved to exclude Ms. Riley's opinion that TI's sales to certain third-party licensed entities should not be included in the royalty base of NST's royalty calculations because (1) Ms. Riley is not qualified to offer a legal opinion as to the scope and applicability of the asserted license agreements, and (2) the licenses in question by their own terms do not provide any license rights to TI or its sales of infringing product to the asserted third-party licensees.  *See* Dkt. 219 at 5–7; *see also* Dkt. 219-2 ¶¶ 86, 87, 344, 345.

#### 1.    TI Does Not Dispute That Ms. Riley's Legal Conclusions Should Be Excluded

TI does not dispute that ¶ 86 of Ms. Riley's report includes the legal conclusion that she

[REDACTED] Dkt. 219 at 6 (citing Dkt. 219-2 ¶ 86). In its Opposition, TI does not dispute that this assumed legal conclusion should be excluded from Ms. Riley's report, and agrees that [REDACTED]

[REDACTED] Dkt. 243 at 4 (citing Dkt. 243-7).  Therefore, NST requests that the statement that Ms. Riley [REDACTED]

[REDACTED] be stricken in ¶ 86 of her expert report, and that Ms. Riley be barred from offering any opinions on

██████████████████████████████████████████████

whether any of TI's sales to ███████████████████████████████████████

were in fact authorized under any asserted patent.

### 2. TI Refers to Other Briefing to Address the Request to Strike Ms. Riley's Opinions That Rely On Certain Alleged Licenses to TI's Customers To Suggest Reducing the Royalty Base

NST requests striking of Ms. Riley's opinion that TI's sales to certain customers should be excluded from NST's royalty base calculations because the customers allegedly have licenses to the Asserted Patents.  NST contends Ms. Riley's opinion is legally unfounded because the alleged customer licenses do not provide any license rights to TI or its sales of infringing product to such customers.  In its Opposition to the present Motion, TI states that "TI will respond to this argument in full in its forthcoming response" to NST's co-pending Motion for Partial Summary Judgment on TI's Fifth Affirmative Defense of License and Exhaustion. Dkt. 220. NST will address TI's response on this issue in NST's forthcoming reply to TI's response.

### B. TI Agrees That Ms. Riley's Opinion Regarding "Sales to U.S. Government Contractors" Should Be Excluded

In its Opposition, TI states that "TI has subsequently withdrawn its § 1498 defense and confirmed in writing that Riley will not testify at trial regarding exclusion from Bratic's royalty base of sales to the U.S. Government." Dkt. 243 at 5–6. But TI has not agreed to withdraw ¶¶ 88 and 89 of Ms. Riley's report, which address alleged sales to government contractors.  If TI agrees to withdraw ¶¶ 88 and 89, then this issue will be moot.  Otherwise, NST requests an order from the Court striking ¶¶ 88 and 89 of Ms. Riley's report.

### C. Ms. Riley's Opinion Regarding the Exclusion of Pre-Suit Sales Should be Stricken

TI's Opposition makes a series of arguments about how Ms. Riley's calculations regarding the potential exclusion of pre-suit sales are admissible. However, NST's Motion does not dispute

2

████████████████████████████████████████████████

Ms. Riley's calculations; NST's Motion disputes Ms. Riley's *characterization* of the pre-suit sales in question as being ███████████████ in ¶ 344 of her report and in the heading in the associated table. Dkt. 219-2 ¶ 344. TI's Opposition does not dispute that Ms. Riley's characterization of pre-suit sales as ███████████████ should be stricken. Dkt. 243 at 6–7. Indeed, TI states that Ms. ████████████████████████████████████████ ███████ *Id.* at 7. Therefore, since TI apparently agrees with NST's position yet refuses to withdraw those paragraphs, NST seeks an order from the court striking Ms. Riley's characterization of pre-suit sales as being improperly-included as found in ¶ 344 of her report.

**D.    Ms. Riley's Opinions Regarding the Scope of the ███████████████ Should be Excluded**

Ms. Riley's opinions regarding the scope of the alleged ███████████████ agreement should be excluded because Ms. Riley is not qualified to render a legal or technical opinion regarding the scope of the alleged agreement or its comparability, and her legal opinions are wrong. *See supra* § II.A.1; *see also* Dkt. 219-2 ¶¶ 250 and 252. In ¶ 250 of Ms. Riley's report, Ms. Riley opines that ████████████████████████████████████████████████

████████████████████████████████████████████████

████████████████████████████████████████████████

████████████████████████████████████████████████

████████████████████ *See* Dkt. 219-2 ¶ 250. Further, in ¶ 252, Ms. Riley opines that ████████████

██████████████████████████████████████████████████ *Id.*

¶ 252. In its Opposition, TI does not allege that Ms. Riley is qualified to make these technical and legal opinions. TI instead merely states that NST "does not (and cannot)" dispute the license is comparable. Dkt. 243 at 7. This non-sequitur has no bearing on whether Ms. Riley is qualified to provide the opinions at issue here. They are technical and legal opinions she is unqualified to make.

3

██████████████████████████████████████████████████

As such, NST requests that the Court strike these opinions.

Further, Ms. Riley's opinions regarding the scope of the ███████████ are technically and legally incorrect as stated in NST's Motion. Dkt. 219 at 10–11. NST will not repeat its supporting arguments here. In its Opposition, TI cites to the decision in *Entropic Commc'ns, LLC v. Charter Commc'ns, Inc.* for the proposition that Ms. Riley's opinions regarding the ████ ██████ are not excludable as legal opinions because they are based on "the plain language of [the] contract." Dkt. 243 at 11 (citing No. 2:22-CV-00125-JRG, 2023 WL 8281905, at *5 (E.D. Tex. Nov. 29, 2023)). In *Entropic*, the court permitted a technical expert to refer to contractual provisions wherein Charter requires its customers to sign a contract to lease cable modems and that Charter retains ownership of the equipment. *Id.* at *4. Thus, the court in *Entropic* permitted the expert to refer to such factual matters regarding the contractual language in question. *Entropic* is distinguishable because Ms. Riley does more than recite contractual provisions—she renders legal and technical opinions regarding the scope of the ███████████ and the nature of the rights conveyed under the agreement (Dkt 219-2 ¶¶ 250, 252), which goes far beyond merely restating the language of the ███████████.

Additionally, TI's argument that "Riley's discussion regarding the ███████████ is admissible because . . . it relates to *economic* comparability testimony" is unfounded. Dkt. 243 at 11. An economic comparability opinion requires both technical and legal conclusions that she is not qualified to make. Ms. Riley does not rely on any TI technical or legal expert for these opinions. Thus, the opinions of Ms. Riley regarding the breadth of the ███████████ and the breadth of a "technology agreement" lack the necessary technical and legal underpinnings and are therefore inadmissible. TI's reliance on *SB IP Holdings, LLC v. Vivint, Inc.,* No. 4:20-CV-00886, 2023 WL 6601415, at *11 (E.D. Tex. Oct. 10, 2023) on this point is misplaced because the court there found

4

██████████████████████████████████████

that the damages expert analyzed "licensing terms *for the [Asserted Patents]* to perform a reasonable royalty analysis," and "did not use licenses to 'construe contract terms' but instead to 'opine on the hypothetical negotiations between the relevant parties.'" *Id.*

TI's citation to *Metaswitch Networks Ltd. v. Genband US LLC*, No. 2:14-CV-744-JRG-RSP, 2016 WL 874775, at *2 (E.D. Tex. Mar. 7, 2016), which addressed whether the defendant was contractually obligated to license its patents at a FRAND rate, is also misplaced. The court did not permit the expert to render legal opinions, but rather allowed an opinion on the "effect [a FRAND] obligation would have on damages." *Id.* The court confirmed that the expert could not "offer legal conclusions about whether Genband is actually bound by a contractual FRAND obligation." *Id.*

Finally, NST notes that TI similarly argues in TI's Motion to Strike Certain Damages Opinions of NST's Experts (Dkt. 210 at 9–10) that the opinions of NST's damage expert, Mr. Walter Bratic, regarding the nature and non-comparability of the ████████████ should be stricken. Thus, if Mr. Bratic's opinions are stricken, then Ms. Riley's opinions on the same subject matter should also be stricken. *See* Dkt. 219-2 ¶¶ 250–252, 260, 261, 274.

### E. Ms. Riley's Opinions Regarding the Scope of the ███████████ Should be Excluded

For at least the same reasons identified herein with respect to § II.D., *supra*, Ms. Riley's opinions regarding the scope of the ████████████ (Dkt. 219-2 ¶ 257) should be excluded.

## III. CONCLUSION

For the foregoing reasons, NST respectfully requests that the Court grant NST's Motion to strike. Dkt. 219.

████████████████████████████████

Date: May 22, 2024

Respectfully submitted,

*/s/ Daniel S. Stringfield w/ permission*
*William E. Davis, III*
William E. Davis, III
Texas Bar No. 24047416
Ty Wilson
Texas Bar No. 24106583
**DAVIS FIRM PC**
213 N. Fredonia Street, Suite 230
Longview, TX 75601
903-230-9090
bdavis@davisfirm.com
twilson@davisfirm.com

Daniel S. Stringfield (lead counsel)
**NIXON PEABODY LLP**
70 West Madison St., Suite 5200
Chicago, IL 60602
312-977-4130
dstringfield@nixonpeabody.com
nst@nixonpeabody.com

Erica J. Van Loon
Vincent C. Capati
**NIXON PEABODY LLP**
300 S. Grand Avenue, Suite 4100
Los Angeles, CA 90071
213-629-6000
evanloon@nixonpeabody.com
vcapati@nixonpeabody.com

David R. Kocan
**NIXON PEABODY LLP**
One Embarcadero Center, 32nd Floor
San Francisco, CA 94111
415-984-8282
dkocan@nixonpeabody.com

*Attorneys for Plaintiff*
Network System Technologies, LLC

6

**CERTIFICATE OF SERVICE**

I hereby certify that all counsel of record are being served on May 22, 2024 with a copy

of this document via the Court's CM/ECF system per Local Rule CV-5(a)(3).

/s/ *William E. Davis, III*
William E. Davis, III